---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| **1.** | **Debtor's name** | Brooks Brothers Canada Ltd. |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Brooks Brothers |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | N/A |

**4.** **Debtor's address**

**Principal place of business**

| | |
|---|---|
| 100 | Phoenix Avenue |
| Number | Street |

| | | |
|---|---|---|
| Enfield | CT | 06082 |
| City | State | ZIP Code |

| |
|---|
| Hartford |
| County |

**Mailing address, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| |
|---|
| P.O. Box |

| | | |
|---|---|---|
| City | State | ZIP Code |

**Location of principal assets, if different from principal place of business**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | ZIP Code |

**5.** **Debtor's website** (URL)   https://www.brooksbrothers.com/

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

| Debtor | Brooks Brothers Canada Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax- exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

4481 – Clothing Stores

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes    District _____    When _____    Case number _____
                                              MM/ DD/ YYYY

            District _____    When _____    Case number _____
                                              MM / DD/ YYYY

| Debtor | Brooks Brothers Canada Ltd. | | Case number (if known) | |
|---|---|---|---|---|
| | Name | | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes
Debtor      See Schedule 1          Relationship      See Schedule 1

District    Delaware                When              July 8, 2020
                                                      MM / DD / YYYY

Case number, if known

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number           Street

_____
City              State       ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact Name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☒ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

| Debtor | Brooks Brothers Canada Ltd. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| | | | |
|---|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☒ $1,000,000-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |
| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

■   The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

■   I have been authorized to file this petition on behalf of the debtor.

■   I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___September 10, 2020___
        MM / DD  / YYYY

✘   _/s/ Stephen Marotta_          Stephen Marotta
Signature of authorized representative of debtor          Printed name

Chief Restructuring Officer
Title

**18. Signature of attorney**

✘   _/s/ Zachary I. Shapiro_          Date   ___September 10, 2020___
Signature of attorney for debtor                MM / DD / YYYY

Zachary I. Shapiro          Garrett A. Fail
Printed Name

Richards, Layton & Finger, P.A.          Weil, Gotshal & Manges LLP
Firm Name

One Rodney Square, 920 North King Street          767 Fifth Avenue
Address

Wilmington, Delaware 19801          New York, New York 10153
City/State/Zip

(302) 651-7700          (212) 310-8000
Contact Phone

shapiro@rlf.com          garrett.fail@weil.com
Email Address

5103          Delaware
Bar Number          State

## Schedule 1

Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On July 8, 2020, each of the affiliated entities listed below filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

| COMPANY |
| --- |
| Brooks Brothers Group, Inc. |
| Brooks Brothers International, LLC |
| 696 White Plains Road LLC |
| Brooks Brothers Restaurant, LLC |
| BBD Holding 1, LLC |
| BBD Holding 2, LLC |
| BBDI, LLC |
| Deconic Group LLC |
| Golden Fleece Manufacturing Group, LLC |
| RBA Wholesale, LLC |
| Retail Brand Alliance Gift Card Services, LLC |
| Retail Brand Alliance of Puerto Rico, Inc. |
| Brooks Brothers Far East Limited |

**ACTION BY WRITTEN CONSENT OF**
**THE GOVERNING BODY**
**OF**
**BROOKS BROTHER CANADA LTD.**

September 9, 2020

**WHEREAS,** the undersigned (the "**Governing Body**") of Brooks Brothers Canada Ltd. (the "**Company**")**,** does hereby consent to, adopt, and approve, by written consent in accordance with the applicable provisions of the Ontario Business Corporations Act, the following resolutions and each and every action effected thereby.

**WHEREAS,** the Governing Body of the Company has reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's businesses;

**WHEREAS,** the Governing Body of the Company has had the opportunity to consult with the management and the legal and financial advisors of the Company to fully consider, and has considered, each of the strategic alternatives available to the Company;

**WHEREAS**, on July 8, 2020, the Brooks Brothers Group, Inc. ("**BBGI**") and certain of its subsidiaries (collectively, the "**Chapter 11 Debtors**") filed petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and

**WHEREAS,** the Governing Body desires to approve the following resolutions.

I.    **Commencement of BB Canada Chapter 11 Case and Canadian Recognition Proceedings**

**NOW, THEREFORE, BE IT RESOLVED,** that, with respect to the Company, the Governing Body has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the Bankruptcy Code (the "**BB Canada Chapter 11 Case**") and to have the BB Canada Chapter 11 Case jointly administered for procedural purposes as part of the chapter 11 cases of the Chapter 11 Debtors (collectively, including with respect to the BB Canada Chapter 11 Case, the "**Chapter 11 Cases**"); and be it further

**RESOLVED**, that, with respect to the Company, the Governing Body has determined, after consultation with the management and the legal and financial advisors of the Company, that it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company file or cause any other Chapter 11 Debtor to file an application for the recognition of the Chapter 11 Cases pursuant to proceedings under Part IV of the Companies' Creditors Arrangement Act (Canada) (the "**Recognition Proceedings**") in the Ontario Superior Court of Justice (Commercial List) (the "**CCAA Court**"); and be it further

**RESOLVED,** that any officer or other authorized person of the Company, including

officers appointed pursuant to Section II below (each, an "**Authorized Person**"**),** in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, with full power of delegation, and directed to negotiate, execute, deliver, and file, in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, papers, affidavits, declarations, and other documents in connection with the Chapter 11 Cases (the "**Chapter 11 Filings**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), or in connection with the Recognition Proceedings in the CCAA Court (the "**CCAA Materials**") (with such changes therein and additions thereto as any such Authorized Person may deem necessary, appropriate or advisable, the execution and delivery of any of the Chapter 11 Filings or the CCAA Materials by any such Authorized Person with any changes thereto to be conclusive evidence that any such Authorized Person deemed such changes to meet such standard); and be it further

RESOLVED, that each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds which such Authorized Person deems necessary, appropriate, or desirable in connection with the Chapter 11 Cases, the Chapter 11 Filings, the Recognition Proceedings, and/or the CCAA Materials, including, without limitation, (i) the payment of fees, expenses and taxes such Authorized Person deems necessary, proper, or desirable, and (ii) negotiating, executing, delivering, performing, and filing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the Chapter 11 Cases and the Recognition Proceedings, with a view to the successful prosecution of the Chapter 11 Cases and the Recognition Proceedings (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

## II.    Officers

RESOLVED, that the individuals set forth below be, and hereby are, elected to the newly created offices of the Company set forth opposite their names, to serve subject to and in accordance with, the governing documents of the Company and direction of the Governing Body, and to hold such offices until their job is satisfied or until their earlier death, resignation or removal:

| | |
|---|---|
| Stephen Marotta | Chief Restructuring Officer |
| Adrian Frankum | Restructuring Officer |

## III.    Retention of Advisors

RESOLVED, that, in connection with the Company's Chapter 11 Cases and the Recognition Proceedings, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals which such Authorized Person deems necessary, appropriate, or desirable in connection with, or in furtherance of, the Company's Chapter 11 Cases and the Recognition Proceedings, with a view to the successful prosecution of the Chapter 11 Cases and the Recognition Proceedings (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

RESOLVED, that, with respect to the Company, the law firm of Weil, Gotshal &

2

Manges LLP, located at 767 Fifth Avenue, New York, New York 10153, is hereby retained as attorneys for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the law firm of Osler, Hoskin & Harcourt LLP, located at 100 King St. W, Toronto, Ontario M5X 1B8, is hereby retained as attorneys for BB Canada in the Chapter 11 Cases and the Recognition Proceedings, subject to Bankruptcy Court approval with respect to the Chapter 11 Cases; and be it further

**RESOLVED**, that, with respect to the Company, the firm of PJ Solomon, L.P., located at 1345 Avenue of the Americas, 31st Floor, New York, New York 10105, is hereby retained as investment banker for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to the Company, the firm of Ankura Consulting Group LLC, located at 485 Lexington Avenue, 10th Floor, New York, New York 10017, is hereby retained as financial advisor for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that Prime Clerk, located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, NY 10165, is hereby retained as claims, noticing, and solicitation agent for the Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that, with respect to the Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses and taxes such Authorized Person deems necessary, proper, or desirable, and (iii) negotiating, executing, delivering and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

IV.    **General**

**RESOLVED**, that, with respect to the Company, each Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed to take and perform any and all further acts or deeds, including, but not limited to, (i) the negotiation of such additional agreements, amendments, modifications, supplements, renewals, replacements, consolidations, substitutions, extensions, reports, documents, instruments, applications, notes or certificates not now known but which may be required, (ii) the execution, delivery and filing (if applicable) of any of the foregoing and (iii) the payment of all fees, consent payments, taxes and other expenses as any such Authorized Person, in his or her sole discretion, may approve or deem necessary, appropriate or desirable in order to carry out the intent and accomplish the purposes of the foregoing resolutions and the transactions contemplated thereby, all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or desirable; and be it further

**RESOLVED**, that any and all past actions heretofore taken by any Authorized

3

Person or any director of the Company, in the name and on behalf of, or for the benefit of, the Company or in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

[*Remainder of page intentionally left blank*]

4

**IN WITNESS WHEREOF**, the undersigned, being the sole shareholder of Brooks Brothers Canada Ltd., has executed this written consent as of the date first set forth above.

**BROOKS BROTHERS INTERNATIONAL, LLC**, as the sole shareholder of Brooks Brothers Canada Ltd.

By: *Stephen Marotta*
Name:   Stephen Marotta
Title:    Chief Restructuring Officer

[Signature Page to the Written Consent of Brooks Brothers Canada Ltd.]

---

**Fill in this information to identify the case:**

Debtor name: <u>Brooks Brothers Canada Ltd.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | 110 Bloor Street West, Inc One Queen St.East, Ste 1925 Box 72 C/O Cushman & Wakefield Asset Services Toronto, On M5C 2W5 Canada | Attn.: Violet Wytiuk Phone: 416-360-7940 Email: violet.wytiuk@cushwake.com | Rent | | | | $2,832,096 |
| 2 | Royal Bank Plaza Oxford Properties Group  Inc c/o Royal Bank Plaza 200 Bay Street Suite 1305 South Tower Toronto, ON M5J 2J1 Canada | Attn.: John Spano Phone: 416-865-6832 Email: jspano@oxfordproperties.com | Rent | | | | $1,011,343 |
| 3 | Warrington PCI Management 475189 British Columbia Ltd. 1700-1030 West Georgia Street Vancouver, Bc V6E 2Y3 Canada | Attn.: Adam Spear Phone: 604-602-1887 Email: dcousins@warringtonpci.com | Rent | | | | $522,385 |
| 4 | BCIMC Realty Corporation 2901 Bayview Ave., Unit C-105 Toronto, On M2K 1E6 Canada | Attn.: Jennifer Miller Phone: 416-572-3628 Email: jennifermiller@quadreal.com | Rent | | | | $355,617 |
| 5 | Ivanhoe Cambridge II 1 Bass Pro Mills Drive Vaughan, On L4K 5W4 Canada | Attn.: Stephen Gascoine Phone: 905-879-1777 x 572113 Email: stephen.gascoine@ivanhoecambridge.com | Rent | | | | $337,667 |
| 6 | Halton Hills Shopping Center Partners P.O. Box 15659, Stn. A Toronto, On M5W 1C1 Canada | Attn.: Amanda Louden Phone: 317-464-8981 Email: Amanda.louden@simon.com | Rent | | | | $316,262 |

WEIL:\97502482\4\30950.0070

Brooks Brothers Canada Ltd.

Case number (if known)

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  Expert Customs Broker 2595 Inkster Blvd. Winnipeg, Mb R3C 2E6 Canada | Attn.: Louie Tolaini Phone: 204-633-1200 Email:  ar@ecb.com | Trade Debt | | | | $279,524 |
| 8  The Outlet Collection at Niagara 95 Wellington Street West, Suite 300 Toronto, ON M5J 2R2 Canada | Attn.:  April Daku Phone:  905-687-7011 x 562107 Email: april.daku@ivanhoecambridge.com | Rent | | | | $237,562 |
| 9  Templeton Doc Limited 7899 Templeton Road Richmond, BC V7B 1Y7 Canada | Attn.:  Christie Lim Phone: 604-231-5521 Email: christie.Lim@mcarthurglen.com | Rent | | | | $193,249 |
| 10  Riocan Management, Inc 700 Lawrence Avenue West Suite 315 Toronto, ON M6A 3B4 Canada | Attn.:  Eric Topolnisky Phone: 613-741-0751 x 33037 Email: etopolnisk@riocan.com | Rent | | | | $150,645 |
| 11  Beyersbergen Interior 15327-116 Avenue Edmonton, Ab T5M 3Z5 Canada | Attn.:  Casey Beyersbergen Phone:  780 451 4714 Email: reception@beyersbergen.com | Trade Debt | | | | $138,146 |
| 12  Ivanhoe Cambridge, Inc P.O. Box 19097 1153 56Th Street Delta, BC V4L 2P8 Canada | Attn.:  Angel Zhang Phone:  604-948-8241 Email: angel.zhang@ivanhoecambridge.com | Rent | | | | $72,339 |
| 13  Ivanhoe Cambridge In Crossiron Mills Unit #800-261055 Crossiron Blvd. Rocky View, Ab T4A 0G3 Canada | Attn.:  Kate Davies Phone:  403-984-6812 Email: kate.davies@ivanhoecambridge.com | Rent | | | | $72,291 |
| 14  Kone, Inc Postal Station A P.O. Box 4269 Toronto, On M5W 5V2 Canada | Attn.:  Jo-Anne Gilbert Phone:  905-858-8383 Email: Jo-anne.gilbert@kone.com | Trade Debt | | | | $69,666 |
| 15  Rapid Response Restoration 7862 - 10Th Street Ne Calgary, Ab T2E 8W1 Canada | Attn.:  Cam Wight Phone:  403-295-4693 Email: cwight@rapid-response-restoration.com | Trade Debt | | | | $63,772 |
| 16  Bell Canada Acct. #520053160 Customer Payment Centre P.O. Box 3650 Station Don Mills Toronto, On M3C 3X9 Canada | Attn.:  Mirko Bibic Phone: 866-310-2355 Email: | Utilities | | | | $33,927 |
| 17  Koolspace 427 Parkside Drive Toronto, On M6R 2Z7 Canada | Attn.:  Steven Alikakos Phone:  416-560-2880 Email: steve@koolspace.com | Trade Debt | | | | $28,250 |

WEIL:\97502482\4\30950.0070

Brooks Brothers Canada Ltd.                                          Case number (if known) _____

Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 Ainsworth, Inc #104 - 17741 65A Ave. Surrey, Bc V3S 1Z8 Canada | Attn.: Craig Stanford Phone: 604 576 1357 Email: nosc@ainsworth.com | Trade Debt | | | | $19,454 |
| 19 CEC Leaseholds Inc. 333 7th Ave Sw, Suite 900 C/O Cushman & Wakefield Asset Services Calgary, AB T2P 2Z1 Canada | Attn.: Pina Dennis Phone: 403-441-4901 Email: corereception@cushwake.com | Rent | | | | $15,189 |
| 20 DLA Piper (Canada) LLC 1 First Canadian Place, Ste. 6000 P.O. Box 367, 100 King Street West Toronto, On M5X 1E2 Canada | Attn.: Simon Levine Phone: 416-365-3500 Email: diana.hobden@dlapiper.com | Trade Debt | | | | $13,040 |

WEIL:\97502482\4\30950.0070

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
---------------------------------------------------- x
                                                     :
In re                                                :        Chapter 11
                                                     :
BROOKS BROTHERS CANADA LTD.                          :        Case No. 20-_____
                                                     :
                    Debtor.                          :
                                                     :
---------------------------------------------------- x
```

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 7007.1, attached hereto as **<u>Exhibit A</u>** is an organizational chart reflecting all of the ownership interests in Brooks Brothers Group, Inc. ("**Brooks Brothers**") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "**Debtors**") including Brooks Brothers Canada Ltd.  The Debtors respectfully represent as follows:

1.      The following entities own, directly or indirectly, the below equity interests in Brooks Brothers:

    a.  The Del Vecchio Family Trust owns approximately 15.1% of the Class A Common Stock in Brooks Brothers.

    b.  DV Family, LLC owns approximately 5.9% of the Class A Common Stock in Brooks Brothers.

    c.  The CDV 2015 Annuity Trust owns approximately 71.5% of the Class A Common Stock in Brooks Brothers.

    d.  Delfin S.á r.l. owns approximately 7.5% of the Class A Common Stock in Brooks Brothers.

    e.  Castle Apparel Limited owns 100% of the Class B Common Stock in Brooks Brothers.

2.      Brooks Brothers International, LLC directly owns 100% of the equity or membership interests, as applicable, in the following Debtors:

    a.  BBD Holding 1, LLC ("**Holdco 1**").

    b.  BBD Holding 2, LLC ("**Holdco 2**").

    c.  Brooks Brothers Canada Ltd.

3.      Holdco 1 and Holdco 2 each own 50% of the membership interests in BBDI, LLC.

4.      The following entities own, directly or indirectly, the below equity interests in Brooks Brothers Far East Limited ("**Brooks Brothers Far East**"):

    a.  Brooks Brothers owns 99.8% of the shares of Brooks Brothers Far East.

    b.  Claudio Del Vecchio owns 0.2% of the shares of Brooks Brothers Far East.

5.      Brooks Brothers directly owns 100% of the equity or membership interests, as applicable, of each other Debtor.

WEIL:\97611918\2\30950.0071

**Exhibit A**

**Organizational Chart**



*Ownership is 100% unless otherwise indicated.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

------------------------------------------------------------- x
                                       :

In re                                   :         **Chapter 11**
                                         :

**BROOKS BROTHERS CANADA LTD.**     :         **Case No. 20-_____**
                                         :

                        **Debtor.**         :
                                         :
------------------------------------------------------------- x

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders, which is prepared in accordance with Bankruptcy Rule 1007(a)(3) for filing in this chapter 11 case.

| DEBTOR | NAME AND ADDRESS OF EQUITY HOLDER | PERCENTAGE OF EQUITY HELD |
|---|---|---|
| Brooks Brothers Canada Ltd. | Brooks Brothers International, LLC 100 Phoenix Ave. Enfield, CT 06082 | 100% |

**Fill in this information to identify the case:**

Debtor name: <u>Brooks Brothers Canada Ltd.</u>

United States Bankruptcy Court for the <u>District of Delaware</u>
(State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule _____
- ☑ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☑ Other document that requires a declaration <u>Consolidated Corporate Ownership Statement and List of Equity Holders</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on <u>September 10, 2020</u>
MM / DD /YYYY

X <u>/s/ Stephen Marotta</u>
Signature of individual signing on behalf of debtor

<u>Stephen Marotta</u>
Printed name

<u>Chief Restructuring Officer</u>
Position or relationship to debtor

WEIL:\97502482\4\30950.0070